Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000774
13-JAN-2015
08:29 AM

NO. CAAP-12-0000774

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KENNEDY MAGNO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(FC-CR. NO. 11-1-0348(4))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Kennedy Magno (**Magno**) appeals from the Judgment; Conviction and Probation Sentence; Notice of Entry, filed on August 1, 2012 in the Family Court of the Second Circuit (**Family Court**).[1]

After pleading no contest in FC-CR No. 11-1-0348(4), Magno was found guilty of Abuse of Family or Household Member, in violation of Hawaii Revised Statutes (**HRS**) § 709-906 (Supp. 2012).

On appeal, Magno contends the Family Court erred by denying his Motion for Withdrawal of No Contest Plea because he did not knowingly, voluntarily, and intelligently enter a no contest plea because he thought he was pleading no contest to a charge of Abuse of Family or Household Member in a different case, FC-CR No. 11-1-0419(4).

---

[1] The Honorable Richard T. Bissen presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Magno's point of error as follows:

Magno claims that he was confused about which Abuse of Family or Household Member charge he was pleading to and did not intend to plead no contest in FC-CR No. 11-1-0348(4). Magno also alludes to possible confusion with other charges, which were filed in Cr. No. 11-1-0644. Thus, he argues that he has demonstrated a fair and just reason to withdraw his plea.

The Family Court did not err by denying Magno's Motion for Withdrawal of No Contest Plea because Magno did not present a fair and just reason for withdrawal of the plea. State v. Gomes, 79 Hawai'i 32, 36, 897 P.2d 959, 963 (1995).

On September 20, 2011, Magno was charged with Abuse of Family or Household Member for an incident that occurred on September 19, 2011. The case was docketed as FC-CR No. 11-1-0348(4). Magno was released after posting bail on September 20, 2011.

On November 7, 2011 Magno was charged with another count of Abuse of Family or Household Member for an incident that allegedly occurred with the same complaining witness but on November 3, 2011. That case was docketed as FC-CR No. 11-1-0419(4). Magno was taken into custody due to the new charge.

On November 8, 2011, the State filed a Motion for an Order to Show Cause and Issuance of a Warrant of Arrest because Magno was charged with another crime while on bail in FC-CR No. 11-1-0348(4).

However, also on November 8, 2011, the State's Motion to Dismiss Without Prejudice was granted in FC-CR No. 11-1-0419(4) and the second Abuse of Family or Household Member charge relating to the November 3, 2011 incident was dismissed.

On November 29, 2011, the FC-CR No. 11-1-0348(4) case was called and Magno appeared with counsel who stated that Magno

wanted to plead no contest to the charge without any prior agreement with the State. Magno confirmed that he was pleading no contest to an Abuse of Family or Household Member charge. After going through the colloquy with Magno about his no contest plea, the Family Court also addressed a bail violation due to Magno's arrest for the second abuse charge. In discussing the bail violation with Magno's counsel, the Family Court noted that "[t]he allegation is that he committed a second abuse on November 3[rd] while this abuse was pending trial," to which Magno interrupted and stated: "[t]hat's not what I'm admitting to." This statement by Magno directly contradicts his later claim that he thought he was pleading no contest to the November 2011 abuse charge.

On March 28, 2012, Magno testified during a hearing on the Motion for Withdrawal of No Contest Plea that he knew on November 8, 2011 that the charge in FC-CR No. 11-1-0419 had been dismissed because he had asked why he was being released that day from jail.

It is clear that at the time Magno pled no contest, he knew that he was pleading no contest to the Abuse of Family or Household Member charge related to the September 2011 incident in FC-CR No. 11-1-0348(4) and not to a charge related to the November 2011 incident in FC-CR No. 11-1-0419(4).[2]

---

2    We also reject any suggestion that Magno was confused with charges filed in Cr. No. 11-1-0644. The Indictment in Cr. No. 11-1-0644 was not filed until December 5, 2011, and the charges did not include Abuse of Family or Household Member. Magno could not have been confused with Cr. No. 11-1-0644 because those charges had not been filed when he pled no contest on November 29, 2011 and none of the charges were for Abuse of Family or Household Member.

Therefore, the Family Court's August 1, 2012 Judgment; Conviction and Probation Sentence; Notice of Entry is affirmed.

DATED: Honolulu, Hawai'i, January 13, 2015.

On the briefs:

Matthew S. Kohm
for Defendant-Appellant

Richard K. Minatoya
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Presiding Judge

Associate Judge

Associate Judge